UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YASSER OSMIN GARCIA-GARCIA ,

Petitioner,

v.

MARKWAYNE MULLIN,

Respondent.

CASE NO. C26-2389JLR

ORDER

On July 28, 2026, Petitioner Yasser Osmin Garcia-Garcia filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention in federal custody and seeking his immediate release after Respondent[1] filed a return to Petitioner's original petition. (Am. Pet. (Dkt. # 11); *see also* Pet (Dkt. # 1).) Respondent did not respond to the amended petition. (*See generally* Dkt.) Instead, on

[1] The Federal Respondent is United States Department of Homeland Security Secretary Markwayne Mullin.

August 13, 2026, Respondent filed a notice of imminent removal, indicating that Immigration and Customs Enforcement intended to remove Petitioner from the United States upon expiration of the required 72-hour notice. (8/13/26 Not. (Dkt. # 14).) Petitioner subsequently filed a motion for a temporary restraining order ("TRO") prohibiting Respondents from removing him from the United States pending adjudication of his petition and his appeal of his motion to reopen. (3d TRO (Dkt. # 15); *see also* Currie Decl. (Dkt. # 16) (so asserting).)

On August 15, 2026, the Honorable Judge Tana Lin granted the TRO for 14 days and temporarily prohibited Respondents from transferring Petitioner from this District or removing him from the United States pending further order of this court. (8/15/26 Order (Dkt. # 17).) Judge Lin further instructed Petitioner that if he wished to extend the TRO for the duration of the habeas litigation, he must file a preliminary injunction motion. (*Id.*) As of the date of this order, (1) Petitioner has not filed a preliminary injunction motion or otherwise contacted the court about how he wishes to proceed and (2) Respondent has not filed a return addressing the amended petition. (*See generally* Dkt.)

The court notes with grave concern the parties' lack of diligence in bringing this matter to a resolution. Because this habeas proceeding directly impacts Petitioner's liberty, the court will not tolerate further delays in case management. The parties are admonished for their failure to prosecute this case with the urgency a restriction on human liberty requires. Future failure to adhere to deadlines or to move this case forward expeditiously will result in sanctions.

Accordingly, the court ORDERS as follows:

(1) Respondent is ORDERED by **Friday, September 4, 2026**, to respond to Petitioner raised in the amended petition. The return must specifically address whether, given Petitioner's pending motion to reopen, Respondent's reliance on Petitioner's *in abstentia* removal order constitutes a legally sufficient basis to justify his continued detention;

(2) Petitioner may file a traverse by **Friday, September 11, 2026**;

(3) The TRO currently in effect is extended up to and including **Friday, September 11, 2026**;

(4) To request an extension of the TRO for the duration of this habeas litigation, Petitioner must formally move for a preliminary injunction. The parties are DIRECTED to meet and confer regarding a proposed briefing schedule for the preliminary injunction motion, including whether the TRO should be extended during the briefing period. The parties shall file a joint status report to confirm their agreed-upon framework for proceeding by **Friday, September 11, 2026**.

Dated this 28th day of August, 2026.

JAMES L. ROBART
United States District Judge